**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-4857**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILBUR DERRICK GREEN,

                    Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:06-cr-00031-jlk)

—————————

Submitted:  October 14, 2008       Decided:  October 16, 2008

—————————

Before KING, GREGORY, and AGEE, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

David R. Lett, Richmond, Virginia, for Appellant. John L. Brownlee, United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilbur Derrick Green appeals from his conviction for conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana. Green argues that the Government's evidence supports the existence of three separate conspiracies and that these conspiracies were not interdependent. Green did not raise this issue below, therefore we review for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). Finding no error, we affirm.

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (internal quotation marks omitted). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the Government and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862

(4th Cir. 1996). To prove conspiracy to distribute a controlled substance, the Government must establish: (1) an agreement to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became part of the conspiracy. Id. at 857. With respect to the last element, the Government need not prove that the defendant knew the particulars of the conspiracy or all of his co-conspirators. Id. at 858. The evidence need only establish a slight connection between the defendant and the conspiracy to support the conviction. United States v. Seni, 662 F.2d 277, 285 n.7 (4th Cir. 1981).

We have reviewed the evidence and find that sufficient evidence supported the conclusion that Green was involved with a conspiracy involving 1000 kilograms or more of marijuana. Green provided assistance to the co-conspirators, was aware of at least $700,000 in cash possessed by the co-conspirators, assisted in procuring storage for hundreds of pounds of marijuana, transported 600 to 800 pounds of marijuana, and participated in discussions with associates of co-conspirators about continuing marijuana trafficking. Therefore, there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of Green's guilt beyond a reasonable doubt and there was no plain error.

3

Accordingly, we affirm Green's conviction.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]In Green's reply brief, he notes for the first time that the judgment reflects that the conspiracy involved marijuana and cocaine and that the jury only convicted him based on a marijuana conspiracy.  He requests in a footnote that this court vacate and remand for resentencing or a new trial on this basis. We see no basis to resentence or grant a new trial due to clerical error.